UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In Re:                              )          Chapter 7
                                    )
JASON A. BURR,          )
Debtor.                             )          Case no. 10-36587-PGH
                                    )


## MOTION TO REOPEN CASE TO ADD OMITTED CREDITOR

**Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion.  Any scheduled hearing may then be canceled.**

Debtor, JASON A. BURR, through undersigned counsel, files this Motion to Reopen Case to Add Omitted Creditor and states:

1. This I s a Motion to Reopen Case to Add Omitted Creditor pursuant to 11 U.S.C § 350, Bankruptcy Rule 5010, and Local Rule 5010-1(B).
2. On September 2,2010, the Debtor, JASON A. BURR, filed a Chapter 7 Voluntary Petition.
3. On December 23, 2010, the Court rendered an Order discharging Debtor.
4. On December 26, 2010 the Court rendered a Final Decree and Discharge of Trsutee and the bankruptcy case was closed.
5. On October 19,2010 at the conclusion of the creditor's meeting, the Trustee filed a report of no distribution and no objection the report was made in the no asset case.
6. Good cause exist for an order reopening case to add an omitted creditor as

1

follows:

    a. On July 29, 2010 Creditor FL. CREDIT SOLUTIONS LLC sued the Defendant/Debtor in the case styled: FL. CREDIT SOLUTIONS LLC v. JASON A BURRR, In the Circuit Court of the 15th Judicial Circuit In and For Palm Beach County, Florida Case No.: 502010CC011627XXXXMB, Division "CC".

    b. A suggestion of Bankruptcy was filed in the aboved stylized caption and this action was listed on the statement of financial affairs.

    c. Through and oversight or scriveners error and the believe that this Creditor went by another name which was included on the Chapter 7 voluntary petition, the creditor subject to the aforementioned action was not properly listed on Schedule F.

    d. The Defendant/Debtor has diligently gone forward to reopen this case and no prejudice would inure to the Plaintiff/Creditor by the Court granting an Order the Reopening the case and to add this omitted Creditor.

WHEREFORE, Debtor respectfully requests that the Court grant the Order on Motion to Reopen Case to Add Omitted Creditor and grant such other and further relief as this Court deems just and proper.

CERTIFICATE OF SERVICE & COMPLIANCE

    I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing has been sent via U.S. Mail to:

Date January 11, 2011

CAREY LAW GROUP, P.A.

__s/ Richard B. Carey_____
Richard B. Carey, Esq. Fl Bar:68427
richard@rcareylaw.com
801 Northpoint Parkway, Suite 85
West Palm Beach, FL 33407
(561) 247-1266
(561) 282-3401 – Fax

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In Re:                          )           Chapter 7
                                )
JASON A. BURR,          )
Debtor.                         )           Case no. 10-36587-PGH
                                )

**<u>ORDER MOTION TO REOPEN CASE TO ADD OMITTED CREDITOR</u>**

  THIS CAUSE having come before the court upon debtor's Motion to Reopen Case pursuant to 11 U.S.C. § 350, Bankruptcy Rule 5010, and Local Rule 5010-1(B) and the court having considered the motion and having determined that good cause has been shown, and being otherwise fully advised in the premises, it is ORDERED:

1. This case is reopened.  No filing fee is required to be paid to the clerk unless the debtor fails to comply with paragraph 3 of this order and the case is

4

    closed pursuant to paragraph 4.  No trustee shall be appointed.
2. Within 14 days from the entry of this order, the debtor shall amend the schedules (and pay applicable amendment fee) to add the name(s) and address(es) of the creditor(s) previously omitted from the original schedules. A supplemental matrix of creditors as required by the "Clerk's instructions for Preparing, Submitting and obtaining Service Matrices" must accompany the amended schedules.
3. The debtor (or the debtor's attorney) is directed to furnish a complete and correct copy of this order to all affected parties and a copy of the clerk's notice of meeting of creditors must also be served on the creditor as required under Local Rule 1009-1(D).  A certificate of service must be filed as required under Local Rule 2002-1(F).
4. Within 14 days from the entry of this order, the debtor shall file an adversary proceeding(s) to determine whether the debt(s), subject to such amendments(s) is/are or is/are not dischargeable under 11 U.S.C. § 523(a).
5. Upon the filing of the adversary case(s) by the debtor, or upon the debtor's failure to comply with this order, the case will be reclosed by the clerk's office.

###

Submitted by:
Richard B. Carey, Esq.
Carey Law Group, P.A.
801 Northpoint Parkway, Ste 85
West Palm Beach, FL 33410
Telephone: (561) 247-1266
Facsimile: (561)622-3541
Email:Richard@rcareylaw.com
/s/ Richard B. Carey, Esq.
Fla. Bar. No. 68427

Richard Carey, Esq., shall mail a conformed copy of this Order upon all interested parties and shall file a certificate of service conforming with Local Rule 2002-1(F).